

**FILED & ENTERED**

**SEP 10 2020**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Ryan James McMillin, Debtor. | Case No.:    2:19-bk-12402-ER<br>Adv. No.:    2:19-ap-01137-ER |
| Elite Optoelectronics Co., Ltd a China Limited Liability Company and G-Sight Solutions, LLC, a California limited liability company,<br><br>Plaintiffs,<br>v.<br>Ryan James McMillin,<br><br>Defendant. | **MEMORANDUM OF DECISION DISCHARGING ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY DEFENDANT'S ANSWER SHOULD NOT BE STRICKEN AND WHY DEFAULT JUDGMENT SHOULD NOT BE ENTERED IN FAVOR OF PLAINTIFF**<br>**[RELATES TO DOC. NO. 63]**<br>Date:    September 9, 2020<br>Time:    10:00 a.m.<br>Location:    Ctrm. 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

At the above-captioned date and time, the Court conducted a hearing on the *Order … Requiring Defendant to Appear and Show Cause Why Defendant's Answer Should Not Be Stricken and Why Default Judgment Should Not Be Entered in Favor of Plaintiff* [Doc. No. 63] (the "OSC"). Although Defendant could have, and should have, exercised much greater diligence with respect to this litigation, the striking of Defendant's Answer and the entry of Defendant's

default would be too extreme a remedy. Therefore, the Court will discharge the OSC and restore this action to the trial calendar.[1]

## I. Facts and Summary of Pleadings

The Court issued the OSC based upon Defendant's failure to fulfill any of his obligations in connection with the Pretrial Conference. Specifically, Defendant (1) failed to cooperate with Plaintiffs in the preparation of a proposed Joint Pretrial Stipulation, even after Plaintiffs served a copy of the proposed Pretrial Stipulation upon Defendant by overnight courier, attempted to contact Defendant by telephone, and attempted to contact Defendant by e-mail; (2) failed to respond to Plaintiffs' attempts to meet and confer regarding the Pretrial Stipulation; and (3) failed to provide Plaintiffs with trial exhibits or a list of proposed witnesses.[2]

Defendant's counsel failed to file a written response to the OSC by August 19, 2020, as ordered by the Court. Instead, counsel filed a response on the day prior to the hearing. As an explanation for his non-compliance, counsel states that during the month of July 2020, he was required to care for his spouse, who had been diagnosed with COVID-19. Counsel states that he contracted COVID-19 in late July 2020, and did not return to work until September 3, 2020. Counsel requests the opportunity to proceed to trial on the merits.

## II. Findings and Conclusions

To impose case dispositive sanctions, the Court is "required to consider whether the … noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (internal citations omitted). When imposing case-dispositive sanctions, the Court must consider the following factors:

1) the public's interest in expeditious resolution of litigation;
2) the court's need to manage its docket;
3) the risk of prejudice to the party who has litigated diligently;
4) the public policy favoring the disposition of cases on their merits; and
5) the availability of less drastic sanctions.

*Moneymaker v. CoBEN (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994); *see also Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (applying the *Eisen* factors to determine whether it was appropriate for a court to strike a pleading and enter default).

---

[1] The Court reviewed the following papers in deciding this matter:
   1) *Order … Requiring Defendant to Appear and Show Cause Why Defendant's Answer Should Not Be Stricken and Why Default Judgment Should Not Be Entered in Favor of Plaintiff* [Doc. No. 63] (the "OSC");
      a) Bankruptcy Noticing Center Certificate of Notice [Doc. No. 67];
      b) Plaintiff's Notice of Motion and Motion in Limine No. 1: To Preclude Defendant from Introducing Exhibits and/or Witnesses at Trial [Doc. No. 60];
   2) Plaintiffs' Update to the Court [Doc. No. 68]; and
   3) Response to Order to Show Cause [Doc. No. 69].

[2] *See* Declaration of Peter J. Tormey in Support of Plaintiffs' Motion In Limine No. 1 to Preclude Defendant from Introducing Exhibits and/or Witnesses at Trial [Doc. No. 60] at ¶ 8.

There are three sub-parts to the fifth factor, the availability of less drastic sanctions: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The application of these factors is not mechanical; instead, the factors provide the Court "with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the [Court] must follow." *Id.*

Here, the most salient considerations are factors four (the public policy favoring the disposition of cases on their merits) and five (the availability of less drastic sanctions). With respect to factor four, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). With respect to factor five, the Court's warning to Defendant's counsel about the possibility of case-dispositive sanctions appears to have been sufficient to induce counsel to attend diligently to his obligations in connection with the litigation. Under the circumstances, the Court finds the sanction of striking Defendant's Answer and entering Defendant's default to be too extreme a remedy.

In addition, the delay occasioned by Defendant's dilatory conduct has not unduly prejudiced Plaintiffs (factor three). "Prejudice itself usually takes two forms—loss of evidence and loss of memory by a witness." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). There is no indication that the delay of approximately four months resulting from Defendant's lack of diligence has resulted in loss of evidence or loss of memory by a witness.

Finally, the Court cannot find that Defendant's delay involved the kind of "willfulness, fault, or bad faith" sufficient to support a case-dispositive sanction. *R & R Sails*, 673 F.3d at 1247. The hardships imposed by the COVID-19 pandemic are not an excuse to disregard litigation obligations. Once it became apparent that circumstances would not permit him to adequately attend to this action, Defendant's counsel should have arranged for another attorney to handle his responsibilities. Counsel's failure to do so cannot be condoned; however, such failure does not warrant a case-dispositive sanction. "A terminating sanction … is very severe" and should not be imposed where other alternatives are available. *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1096.

For these reasons, the Court will discharge the OSC and restore this action to the trial calendar. Because Defendant has not yet provided Plaintiffs copies of any exhibits that he intends to introduce at trial, the Court will reopen discovery, but only as to Plaintiffs.[3] The deadline for Plaintiffs to complete discovery shall be **October 30, 2020**.[4] A Pretrial Conference is set for **December 15, 2020 at 11:00 a.m.** Trial is set for the week of **January 25, 2021**. The exact date(s) of trial will be set at the Pretrial Conference.

## III. Conclusion

Based upon the foregoing, the OSC is **DISCHARGED**. The Court will prepare and enter an order consistent with this Memorandum of Decision.

---

[3] Reopening discovery as to Defendant would unjustifiably reward Defendant for delaying trial of this action. Defendant has already been afforded ample time to conduct discovery. Plaintiffs commenced this action on May 9, 2019. The deadline to complete expert discovery was July 13, 2020 and the deadline to complete non-expert discovery was July 24, 2020. Doc. No. 44.

[4] This deadline applies to both expert and non-expert discovery.

###

Date: September 10, 2020

Ernest M. Robles
United States Bankruptcy Judge